IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| STEVE ELIAS | § |
| F/K/A STEVE WAINSHTOK | § |
| D/B/A MAGIC LOCKSMITH, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § NO. 4:18-CV-586-A |
| | § |
| ELIRAN PILO, | § |
| | § |
| Defendant. | § |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration is the motion of defendant, Eliran Pilo, to dismiss the claims of plaintiff, Steve Elias f/k/a Steve Wainshtok d/b/a Magic Locksmith, against him in the above-captioned action. Having considered the motion, plaintiff's response thereto, the applicable legal authorities, and the entire record, the court finds that the motion should be granted and that plaintiff's claims against defendant should be dismissed.

I.

Plaintiff's Amended Complaint

Plaintiff initiated the above-captioned action on November 21, 2017, in the 141st Judicial District Court of Tarrant County, Texas. After removal to this court, plaintiff amended his complaint on September 17, 2018, and that complaint

remains plaintiff's live pleading. In summary form, the amended complaint contains the following allegations:

Plaintiff has had a permit to provide locksmith services in Los Angeles County, California, since July 2005. He owns and operates a website under the name "magiclockandkey.com," and markets his services through that website under the trade name "Magic Locksmith." He owns common-law rights to the mark "Magic Locksmith" for locksmithing services, and his permit was issued in that name, which plaintiff has used since November 2004 and has registered as a Fictitious Business Name in Los Angeles County. Plaintiff has continuously used Magic Locksmith as a trademark since November 2004, and has continued to file Fictitious Business Name Statements with Los Angeles County. He has obtained licenses from the Bureau of Security and Investigating Services for the State of California to operate as a locksmith company in the name of Magic Locksmith. Those licenses are required in the State of California for providing locksmith services. His current license under the name Magic Locksmith is valid until November 30, 2018.

He has continuously marketed his locksmithing services to consumers using the Magic Locksmith name, and he has distributed advertising and marketing material, and has utilized social media

in marketing his locksmithing services, using the Magic Locksmith name.

Plaintiff's registration of the magiclockandkey.com was in February 2008, and he has continuously used that domain since that date to market his locksmithing services as Magic Locksmith. Internet archives show the use of the Magic Locksmith mark with the first capture date of April 10, 2010. He also owns and operates the domain magiclocksmithlosangeles.com to market his locksmithing services. That domain name was registered by plaintiff in June 2016. He also has paid for yellow-page listings under the name Magic Locksmith.

Plaintiff generally uses the name Magic Locksmith in his locksmithing business in commerce, including on invoices and work orders he issues to consumers. As a result, consumers have come to recognize the Magic Locksmith mark as referring to plaintiff. He has built up goodwill with consumers over the years, and some consumers have been highly pleased with his services, as evidenced by their favorable comments. As a result of the factors mentioned above, plaintiff has amassed common-law rights in the mark Magic Locksmith, extending back at least as far as November 2004.

The mark Magic Locksmith is an arbitrary mark, or is at least suggestive of plaintiff's services. It is more likely to be remembered and associated in the public's mind with plaintiff.

Defendant uses the domain "magiclocksmith.net" to market locksmithing services. His registration and use of that domain is confusingly similar to plaintiff's distinctive mark of Magic Locksmith. Defendant's locksmithing services are identical to the services provided by plaintiff. They are likely to continue to provide those identical services through the internet. Plaintiff became concerned that potential customers would confuse defendant's website and the services offered by it with his business, and these concerns were exacerbated when he began to receive negative reviews for locksmith services not rendered by him or his company. Plaintiff initiated an arbitration action against Magic Locksmith to prevent the continued use of "magiclocksmith.net," and succeeded in having that domain name transferred to him from Magic Locksmith.

\* \* \* \* \*

Plaintiff asserts five causes of action: (1) theft of property, (2) conversion of property, (3) trespass to personal property, (4) unjust enrichment, and (5) trade secret misappropriation. He asserts that defendant was the owner of magiclocksmith.net at all relevant times, and discovered his

identity by connecting the telephone number that the website was registered under with defendant. See Id. at ¶ 20, Ex. 3. He seeks recovery of actual, special, and exemplary damages, attorneys' fees, prejudgment and post-judgment interest, and costs of court.

II.

Grounds of the Motion

Defendant urges that plaintiff has failed to state any claim against him upon which relief can be granted.[1]

III.

Applicable Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause

---

[1] In the alternative, defendant requests a more definite statement of plaintiff's claims against him.

of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

The facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

IV.

Analysis

The court has concluded that none of the theories of recovery alleged by plaintiff survive a Twombly-Iqbal pleading analysis. The court now explains as to each of the theories why that is so.

A.  Theft of Property

Plaintiff alleges in Count 1 that he brings that cause of action under the Texas Theft Liability Act ("TTLA"), sections 134.001-134.005 of the Texas Civil Practice and Remedies Code, for an unlawful appropriation of property within the meaning of section 31.03 of the Texas Penal Code.

Section 134.003(a) provides that "[a] person who commits theft is liable for the damages resulting from the theft." The recovery available under the TTLA is defined in section 134.005 as "the amount of actual damages found by the trier of fact and, in addition to actual damages, damages awarded by the trier of fact in a sum not to exceed $1,000." Penal Code section 31.03(a) provides that "[a] person commits an offense if he unlawfully appropriates property with intent to deprive the owner of the property."

The court has concluded that plaintiff has failed to allege facts from which the court could plausibly infer that defendant committed a theft. There are no allegations in the complaint that would support an inference that defendant "unlawfully appropriat[ed] property [of plaintiff] with intent to deprive [plaintiff] of the property." Tex. Penal Code § 31.03.

The court will assume for the sake of discussion that "property," as used in section 31.03(a), includes customer leads

or information and money derived from those leads. Also, the court assumes, arguendo, that defendant is the person who registered and used the domain magiclocksmith.net.² Even then, one would be required to speculate from the allegations of plaintiff's complaint whether use of that domain caused plaintiff to lose any customer leads or information plaintiff otherwise would have had. Especially is that so bearing in mind that plaintiff's base of operation was in Los Angeles County, California, while defendant's base of operation is, apparently, in the State of Texas.

To recover damages for theft under the TTLA, plaintiff must show that (1) property was (2) unlawfully appropriated (3) by defendant (4) with intent to deprive the owner of that property. Tex. Pen. Code § 31.03(a); see Haler v. Boyington Capital Group, Inc., 411 S.W.3d 631, 635 (Tex. App.–Dallas 2013, pet. denied). Under the Penal Code, an "owner" is someone having title, possession, or a greater right to possession of the property than

---

²A problem plaintiff has with his allegations as to the theft of property cause of action as well as all of his other causes of action is that the court cannot plausibly conclude that defendant is the one who created and used the domain magiclocksmith.net. To connect defendant with that name, plaintiff must place reliance on the contents of Exhibit 3 to the complaint, Doc. 14, Ex. 3, which is but a report of someone that the telephone number associated with the individual or other entity referred to in Exhibits 1 and 2 to the complaint, id., Exs. 1 & 2, as "Respondent" or "Magic Locksmith" is a telephone number that a Google search indicates is owned by Eliran Pilo of Grand Prairie, Texas. In contrast, plaintiff alleges in his complaint that defendant is believed to reside in Hurst, Texas. The court questions whether the allegations of the complaint, even when the contents of its exhibits are considered, are sufficient to establish that defendant is the "Respondent" or "Magic Locksmith" to which reference is made in Exhibits 1 and 2 of the complaint. Id.

8

the actor. Tex. Pen. Code § 1.07(a)(35). Property is appropriated when there is a transfer of title to, or other nonpossessory interest in, property, or when someone acquires or otherwise exercise control over property other than real property. Tex. Pen. Code § 31.01(4). Plaintiff's pleading fails to allege facts from which the court could infer that defendant has any liability to plaintiff under the TTLA.

B. <u>Conversion of Property</u>

Plaintiff's conversion claim suffers from defects similar to those identified in the discussion of his theft claim. To state a claim for conversion, a plaintiff must show that: (1) the plaintiff owned or had legal possession of the property, or was entitled to possession, (2) defendant unlawfully assumed and exercised control of the property to the plaintiff's exclusion, (3) plaintiff demanded return of the property, and (4) defendant refused to return the property. <u>Khorshid, Inc. v. Christian</u>, 257 S.W.3d 748, 759 (Tex. App.—Dallas 2008, no pet.).

All that is contained in plaintiff's pleadings in support of his conversion claim are conclusory sentences stated to check off the elements of a conversion facts. Without support, they fail to meet the required pleading standard articulated in <u>Twombly</u> and <u>Iqbal</u>. Because of these flaws, plaintiff fails to state a claim against defendant for conversion.

9

C.   Trespass to Personal Property

To prevail on a claim for trespass to personal property, plaintiff must show that defendant (1) interfered with the possession or use of plaintiff's personal property, and (2) that such interference was unlawful. Russell v. American Real Estate Corp., 89 S.W.3d 204, 210 (Tex.App.-Corpus Christi 2002, no pet.).[3] "Liability does not attach, unless the wrongful detention is accompanied by actual damage to the property or deprives the owner of its use for a substantial period of time." Zapata v. Ford Motor Credit Co., 615 S.W.2d 198, 201 (Tex. 1981).

To the extent that plaintiff alleges facts, rather than stating conclusions, the alleged facts simply do not fit into a trespass-to-personal-property mold.  Plaintiff has failed to allege facts that state such a claim.  In addition, his trespass allegations suffer defects similar to those discussed under the Theft of Property subheading.  Supra at 7-9.

D.   Unjust Enrichment

Unjust enrichment is an equitable theory of recovery based on the principle that a person receiving benefits which were unjust for him to retain ought to make restitution. Bransom v.

---

[3] Texas courts refer to "trespass to personal property" as "trespass to chattels" or "trespass to personalty." See Russell, 89 S.W.3d at 210; DHI Group, Inc. v. Kent, CV H-16-1670, 2017 WL 1088352, at *11 (S.D. Tex. Mar. 3, 2017). The court will use the term "trespass to personal property" here because it is the term used by plaintiff in his pleadings, but will analyze the claim as it would a trespass to chattels or personalty claim.

Standard Hardware, Inc., 874 S.W.2d 919, 927 (Tex. App.—Fort Worth 1994, writ denied). It does not depend on the existence of a wrong. Id. However, there must be a showing that the person who was allegedly unjustly enriched "benefit[ed] from another by fraud, duress, or the taking of an undue advantage." Heldenfels Bros., Inc. v. City of Corpus Christi, 832 S.W.2d 39, 42 (Tex. 1992). Undue advantage may be demonstrated by showing that the defendant wrongfully secured, or passively received and unconscionable retained, a benefit which was unjust for him to retain. City of Corpus Christi v. S.S. Smith & Sons Masonry, Inc., 736 S.W.2d 247, 250 (Tex. App.—Corpus Christi 1987, writ denied). The court cannot infer from the facts alleged in the complaint that any of those elements exist in this action. Accordingly, plaintiff fails to state a claim for unjust enrichment against defendant.

E.   Trade Secret Misappropriation

"Trade secret misappropriation under Texas law is established by showing: (a) a trade secret existed; (b) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means; and (c) use of the trade secret without authorization from the plaintiff." Phillips v. Frey, 20 F.3d 623, 627 (5th Cir.1994). To determine whether a trade secret exists, Texas courts weigh six factors set forth in

the original Restatement of Torts, section 757, in the context of the surrounding circumstances:

> (1) the extent to which the information is known outside of the business;
> (2) the extent to which it is known by employees and others involved in the business;
> (3) the extent of measures taken to guard the secrecy of the information;
> (4) the value of the information to the business and to its competitors;
> (5) the amount of effort or money expended in developing the information;
> (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

In re Union Pac. R.R. Co., 294 S.W.3d 589, 592 (Tex.2009).

Plaintiff's pleading itself establishes that the name Magic Locksmith is not a trade secret. He advertises the name on the Internet. It is not a secret or guarded in some manner as to protect it from disclosure, and is easily duplicated by others. Even if it were a trade secret, plaintiff has pleaded no facts to suggest that it was misappropriated. He alleges his conclusions that "[d]efendant acquired knowledge of plaintiff's trade secret by theft and trickery thru [sic] the internet," but provides no factual basis for those conclusions. Nor does plaintiff allege that any confidential relationship existed between the parties. Accordingly, plaintiff has failed to state a claim for trade secret misappropriation against defendant.

12

V.

Order

For the foregoing reasons,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and all claims and causes of action asserted by plaintiff against defendant in the above-captioned action be, and are hereby, dismissed with prejudice.

SIGNED November 1, 2018.

_____
JOHN McBRYDE
United States District Judge